### UNITED STATES v. SWEDLOW.

(District Court, D. Colorado. June 3, 1920.)

No. 3259.

1. **War** ⊛⟶4—**Food Control Act operative.**
The validity of Lever Act Aug. 10, 1917, § 6 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3115⅛gg), prohibiting the hoarding of necessaries, etc., passed solely for war purposes, has not yet ceased.

2. **Criminal law** ⊛⟶13—**Food Control Act not fatally indefinite; "hoarding."**
Lever Act Aug. 10, 1917, § 6 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § .3115⅛gg), providing for the punishment of any person willfully hoarding necessaries, is not fatally indefinite and uncertain, under Const. Amends. 5 and 6, when construed in connection with the common definition of the word "hoarding," which means the secret storing away and collecting and laying up of necessaries not then needed, or the taking of them out of the channels of trade and commerce, and the inapt definitions contained in that section are unnecessary to the definition of the offense.

[Ed. Note.—For other definitions, see Words and Phrases, Hoarding.]

3. **Constitutional law** ⊛⟶208(3)—**War** ⊛⟶4—**Food Control Act not invalid because of proviso as to Boards of Trade.**
Lever Act Aug. 10, 1917, § 6 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3115⅛gg), prohibiting the hoarding of necessaries, is not invalid as class legislation, because of the proviso therein that it shall not apply to transactions on exchanges or Boards of Trade, that may be permitted by the President under the authority conferred upon him by section 13 (section 3115⅛k), as the section must be read in connection with section 13.

4. **Constitutional law** ⊛⟶208(3)—**Food Control Act not invalid because of proviso in favor of farmers, etc.**
Act Aug. 10, 1917, § 6 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3115⅛gg), prohibiting the hoarding of necessaries, is not invalid, as class legislation, because of the proviso exempting farmers, gardeners, or co-operative associations of farmers or gardeners with respect to the products of their own lands.

Criminal prosecution by the United States against M. Swedlow. On demurrer to the indictment. Demurrer overruled.

Harry B. Tedrow, U. S. Atty., of Boulder, Colo.

Simon Quiat and Thomas Ward, Jr., both of Denver, Colo., for defendant.

LEWIS, District Judge. The sufficiency in point of law of eight counts of an indictment charging the defendant with violation of

Section 6 of the Act of August 10, 1917 (40 Stat. 276 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3115⅛gg]), is challenged by demurrer on the ground that the section does not define, with certainty and definiteness, a crime, that there is no fixed standard set up as a guide to the action of all men to be applied as a measure by which transgression may be determined (6th Amendment to Constitution), that to take away the liberty of a citizen on the finding of a jury that he held, contracted for, or arranged for necessaries in a quantity in excess of his reasonable requirements for a reasonable time would override fundamental principles in criminal law and strike down constitutional guarantees (5th Amendment); and on the further ground that this is class legislation.

The Section reads thus:

"That any person who willfully hoards any necessaries shall upon conviction thereof be fined not exceeding $5,000 or be imprisoned for not more than two years, or both. Necessaries shall be deemed to be hoarded within the meaning of this Act when either (a) held, contracted for, or arranged for by any person in a quantity in excess of his reasonable requirements for use or consumption by himself and dependents for a reasonable time; (b) held, contracted for, or arranged for by any manufacturer, wholesaler, retailer, or other dealer in a quantity in excess of the reasonable requirements of his business for use or sale by him for a reasonable time, or reasonably required to furnish necessaries produced in surplus quantities seasonally throughout the period of scant or no production; or (c) withheld, whether by possession or under any contract or arrangement, from the market by any person for the purpose of unreasonably increasing or diminishing the price: Provided, That this section shall not include or relate to transactions on any exchange, board of trade, or similar institution or place of business as described in section thirteen of this Act that may be permitted by the President under the authority conferred upon him by said section thirteen: Provided, however, That any accumulating or withholding by any farmer or gardener, cooperative association of farmers or gardeners, including live-stock farmers, or any other person of the products of any farm, garden, or other land owned, leased, or cultivated by him shall not be deemed to be hoarding within the meaning of this Act."

The first count of the indictment charges the defendant with hoarding a certain necessary, to wit: 40,000 lbs. of sugar, on December 11, 1919, and, as a part of the charge, embodies the language found in paragraph (a) of the section and negatives the proviso at the end of the same. The second count covers the same transaction charged in the first count, the only difference between the two being that paragraph (b) of the section is quoted as a part of the charge instead of paragraph (a), and the additional fact that the 40,000 lbs. were sold on December 11, 1919, to W. A. Havemeyer & Company of Chicago, and that the defendant was at that time without a license to deal in sugar under the provisions of section 5 of the Act. At the argument the District Attorney said that there was no reliance placed upon the last allegation, that he did not claim that section 5 of the Act had any application here. The third count is identical in language with the first, except the hoarding is charged to have been on December 19 and the amount of sugar 60,000 lbs. The fourth count is intended to cover the same transaction as the third count, and its language is identical with the second count, except as to date and amount of

sugar. The fifth count is identical in language with the first count, except the amount of sugar is 60,000 lbs. and the date, December 31. The sixth count covers the same transaction as the fifth count, and its language is identical with the second count, except the date and amount of sugar. The seventh count is identical in language with the first, except the date is January 28' and the amount of sugar is 60,200 lbs. The eighth count covers the same transaction as the seventh count, and in language is identical with the second, except as to date and amount.

[1-4] The Act, known as the Lever Act, is one of many passed by Congress solely for war purposes, and valid only because it was an exercise of the war power, and under the ruling of the Supreme Court in Hamilton v. Kentucky Distilleries & Warehouse Co., 251 U. S. 146, 40 Sup. Ct. 106, 64 L. Ed. ——, and Ruppert v. Caffey, 251 U. S. 264, 40 Sup. Ct. 141, 64 L. Ed. ——, I must hold that its validity has not yet ceased. The first sentence in section six makes its purpose very obvious. As an aid to the successful carrying on of the war it was the belief and conclusion of the legislative branch that necessaries should not be hoarded. The entire Act, as well as section six, so declares, and it denounces, in the first sentence of the section, as a crime the hoarding of necessaries. To hoard means "to collect and lay up; to amass and deposit in secret; to store secretly; as, to hoard grain or provisions; to hoard silver and gold." (Webster's Unab. Dict.) Roget classifies the word "hoard" under individual volition, prospective and subservient to an end, as equivalent to, store up, put by, store away, save, treasure up, amass. The first sentence of the section, with the common definition of the word "hoard," seems all-sufficient to put the matter beyond reach of the main criticism. That sentence defines with reasonable certainty and definiteness the crime denounced. Hoarding, as there used, amounts to secret storing away and collecting and laying up of necessaries not then needed, the taking of them out of the channels of trade and commerce. I venture to say that paragraphs (a) and (b) were not only unnecessary but inapt. In essence they are not definitions of hoarding but rather limitations, and would have been implied. They, in substance, mean this: Necessaries shall not be deemed to be hoarded within the meaning of this Act when either (a) held, contracted for, or arranged for by any person in a quantity not in excess of his reasonable requirements for use or consumption by himself and dependents for a reasonable time; or (b) held, contracted for, or arranged for by any manufacturer, wholesaler, retailer or other dealer in a quantity not in excess of the reasonable requirements of his business for use or sale by him for a reasonable time, or reasonably required to furnish necessaries produced in surplus quantities seasonally throughout the period of scant or no production. And, as already said, in that aspect those paragraphs were unnecessary, for under no construction could such acts be held to come within the definition of hoarding. This view eliminates the basis of the demurrer on which the main contention rests. The definition of the crime is found in the first sentence. Clearly, the first proviso is not subject to the criticism

of being class legislation, as section 13 of the Act (section 3115⅛k) must be taken as part of it and read with it, and the last is restricted to garden and farm products, and, again, to each producer on his respective land. Conceding without deciding a lack of congressional power to make broad classifications differently treating persons and things under the same circumstances, the proviso fails to bring it up to the level required by the objection.

If not expressly it was impliedly admitted by the District Attorney that the even numbered counts state the true transactions. Swedlow had an arrangement with Havemeyer & Co. of Chicago to ship them sugar from Colorado, and in order to do so he went about gathering it up in small lots until he obtained sufficient to make a carload. We have heretofore had something to do with some of those transactions. One carload was seized on informtion of libel filed in this court under section 7. That proceeding was dismissed by consent of the District Attorney after he learned that a bill of lading had been issued for the loaded car and its cargo paid for by the consignee. Apparently this and other proceedings against Swedlow, fostered and advocated by the local press, are for the provincial purpose of retaining in Colorado for her citizens all sugar now here, but to which, of course, this court cannot lend assistance. Indeed, looking to the country as one people, all equally cooperating in the prosecution of the war, such a policy would come in direct conflict with the Act and result in its violation here on a large scale.

The demurrer, however, must be overruled.